TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 408-4422

Attorneys for Plaintiff,
MYGO, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYGO, LLC, a California corporation,<br><br>                                            Plaintiff,<br><br>v.<br><br>Steven Michael Mara, an individual<br>(d.b.a., Ho Stevie),<br><br>                                            Defendant. | Case No.:   **'16 CV 2525 LAB DHB**<br><br>**Complaint for Patent Infringement** |

Plaintiff MyGo, LLC ("MyGo") hereby complains of Steven Michael Mara ("MARA") and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq. and related federal, state and common law causes of action.

### THE PARTIES

2.      MyGo is a California limited liability corporation with its principal place of business located at 3031 Award Row, San Diego, CA 92122.

3.     MyGo is informed and believes and based thereon alleges that MARA is an individual and California resident who does business under the fictitious business name Ho Stevie with its principal place of business located at 3640 Mission Blvd., San Diego, CA 92109. MARA also resides at 3640 Mission Blvd., San Diego, CA 92109.

4.     MyGo is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. MyGo will seek leave to amend the complaint to assert their true names and capacities when they have been ascertained. MyGo is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

5.     This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because MyGo's claim for patent infringement arises under the laws of the United States, 35 U.S.C. § 271, et seq.

6.     This Court has personal jurisdiction over MARA because he resides in this District and has a continuous, systematic and substantial presence in this District, because he regularly conducts business and/or solicits business within this District, because he has committed and continues to commit patent infringement in this District, including without limitation by selling and offering for sale infringing products to consumers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such products would be sold in California and this District, which acts form a substantial part of the events giving rise to MyGo's claims.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because MARA resides in this District and has a continuous, systematic and substantial presence in this District, because he regularly conducts business and/or solicits business within this District, because he has committed and continues to commit patent

infringement in this District, including without limitation by selling and offering for sale infringing products to consumers and/or retailers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such products would be sold in California and this District, which acts form a substantial part of the events giving rise to MyGo's claims.  In addition, venue is proper because MyGo's principal place of business is in this District and MyGo suffered harm in this District. All pertinent witnesses are also located in this District.

**GENERAL ALLEGATIONS**

8.    Founded in 2014, MyGo designs and sells, among other innovative products, the patented MyGo Mouth Mount for GoPro® action cameras. The MyGo Mouth Mount (shown below left with GoPro camera; disassembled view shown below right) is a camera mouth mount that has a comfortable rubber mouthpiece, bite supports for stable footage, a massive air channel for unrestricted breathing, and a low profile lanyard. The MyGo Mouth Mount has been adopted by numerous action enthusiasts and affords a first person view of the action enthusiast's viewpoint.

 

9.    On July 5, 2016, the United States Patent & Trademark Office (PTO) duly and lawfully issued United States Patent No. 9,383,630, entitled "Camera Mouth Mount" ("the '630 patent").  MyGo is the owner by assignment of the '630 patent, a copy of which is attached hereto as Exhibit A. The '630 patent issued from United States Patent Application No. 14/639,040 ("the MyGo patent application"), which was filed on March 4, 2015, and claims priority to United States Provisional Patent Application No.

61/948,308, filed on March 4, 2014. MyGo owns all rights to the '630 patent via an Assignment, which was recorded at the PTO on May 19, 2015, at Reel/Frame 035678/0930.

10. MARA is and has been making, using, selling, offering for sale, and importing a number of camera mouth mount products that infringe the '630 patent, including without limitation MARA's GoPro® Mouth Mount (in various colors) (the "Accused Product"), a sample of which is shown below right. The Accused Product may be purchased directly from MARA online through his Ho Stevie! Website (e.g., http://hostevie.com/shop/gopro-accessories.html) and third party websites including Amazon.com (among others). MARA exports the Accused Product to Australia, Brazil, Canada, New Zealand, Sweden, United Kingdom, Israel, and South Africa, among other foreign countries.



## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 9,383,630)
### (35 U.S.C. §§ 154 and 271)

11. MyGo repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

12. This claim is for patent infringement arising under the Patent Laws of the United States, Title 35.

13. Since May of 2015, MyGo has marked its packaging of the MyGo Mouth Mount with "patent pending." MyGo is currently updating its product manufacturing and product packaging processes to include "United States Patent No. 9,383,630" or the like on the MyGo Mouth Mount and its packaging. Since its inception, "patent pending" has

appeared on MyGo's website up until around the issue date of the '630 patent when the website was revised to note "Patent # 9383630" in connection with the MyGo Mouth Mount. *See*, *e.g.*, http://www.mygomount.com/products/mygo-mouth-mount-for-gopro.

14.     MARA has registered to do business under the fictitious business name, Ho Stevie. A printout from the San Diego County Clerk's fictitious business portal is attached hereto as Exhibit B.

15.     MARA, individually, and by and through his agents, officers, directors, resellers, retailers, employees, servants, and fictitious business has been and is currently willfully and intentionally infringing the '630 patent by making, using, offering to sell, selling, exporting, and importing into the United States the Accused Product, which embody one or more claims set forth in the '630 patent.

16.     For example, the Accused Product meets all the limitations set forth in claim 16 of the '630 patent. A chart identifying specifically where each limitation of claim 16 is found in the Accused Product is attached hereto as Exhibit C. This infringement chart is based on MyGo's current understanding of the Accused Product, which only considers publicly available information. The chart does not set forth all of MyGo's infringement theories – the Accused Product embodies other claims set forth in the '630 patent.

17.     MyGo reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings. Pursuant to CivLR 3.1, MyGo will serve a Disclosure of Asserted Claims and Infringement Contentions (that may alter and/or supplement the infringement charts submitted herewith).

18.     Defendants' acts of infringement were undertaken without permission or license from MyGo. After receiving actual notice of the '630 patent, MARA continued or will continue his commercialization of the Accused Product despite an objectively high likelihood that his actions constituted infringement of a valid patent. Accordingly, Defendants' acts constitute willful infringement in violation of 35 U.S.C. § 271.

19.     MyGo is informed and believes and based thereon alleges that MARA's

1   infringement of the '630 patent will continue unless enjoined by this Court.

2       20.    Sales of the Accused Product drive sales of other MARA products including,

3   but not limited to MARA's GoPro Bolt/Screw (in various colors), GoPro Float (in

4   various colors), GoPro Leash (in various colors), Floating GoPro Hand Grip, Surfboard

5   Fins, Surf Leash, Surf Poncho, Surfboard Sock, Surf Wax, Surfboard Bike Rack, and

6   Wetsuit Changing Mat (collectively, "Collateral Products"). The Collateral Products are

7   sold and marketed together with the Accused Product. Many of the Collateral Products

8   form a single assembly or functional unit with one or more of the Accused Product. The

9   Collateral Products also have a marketing and financial dependence on the Accused

10  Product. For example, it is the Accused Product that primarily, if not completely, drives

11  traffic to MARA's Ho Stevie! Website where the Collateral Products can be purchased.

12  MyGo is entitled to its lost profits or a reasonably royalty on MARA's sales of the

13  Collateral Products.

14      21.    But for MARA's infringement, MyGo would have sold its MyGo Mouth

15  Mount and other unpatented products (e.g., Mouthpieces, Extension Pole, Floaty

16  Extension Pole, MyGo Aluminum Thumb Screw, MyGo Floaty Back, and Pro Armband

17  Leash) to all of MARA's customers or a substantial portion thereof, and MyGo is entitled

18  to its lost profits.

19      22.    By reason of the foregoing infringing acts, MyGo has been damaged,

20  continues to be damaged, and is entitled to no less than a reasonable royalty in

21  accordance with 35 U.S.C. § 284 in an amount to be determined at trial.  In addition,

22  pursuant to 35 U.S.C. § 284, MyGo is entitled to enhanced and treble damages against

23  MARA together with interest at the maximum legal rate and costs as fixed by the Court.

24      23.    In addition, MyGo is entitled to reasonable attorneys' fees incurred in this

25  action under 35 U.S.C. § 285.

26      24.    Because of the aforesaid infringing acts, MyGo has suffered and continues

27  to suffer great and irreparable injury for which there is no adequate remedy at law.

28  ///

# PRAYER FOR RELIEF

WHEREFORE, MyGo prays for judgment against MARA as follows:

(a)     An Order adjudging MARA to have infringed the '630 patent under 35 U.S.C. § 271;

(b)     An Order adjudging MARA to have willfully infringed the '630 patent under 35 U.S.C. § 271;

(c)     A permanent injunction under 35 U.S.C. § 283 enjoining MARA, his officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing the '630 patent in violation of 35 U.S.C. § 271;

(d)     A permanent injunction enjoining MARA, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from making, using, selling, offering for sale, and importing the Accused Product;

(e)     An award to MyGo of its lost profits or a reasonably royalty for MARA's sales of the Accused Product and Collateral Products;

(f)     An order for a trebling of damages and/or enhanced damages due to MARA's willful infringement under 35 U.S.C. § 284;

(g)     An Order adjudicating that this is an exceptional case;

(h)     An award to MyGo of all attorneys' fees and costs incurred by MyGo in connection with this action under 35 U.S.C. § 285; and

(i)     An award of pre-judgment and post-judgment interest and costs of this action against MARA; and

1   (j)    For such other and further relief as the Court deems just and proper.

2   Dated:  October 10, 2016                    SAN DIEGO IP LAW GROUP LLP

3

4

5                                    By:    /s/Trevor Coddington
                                            JAMES V. FAZIO, III
6                                           TREVOR Q. CODDINGTON, PH.D.

7
                                            Attorneys for Plaintiff,
8                                           MYGO, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MyGo hereby demands a trial by jury of all issues so triable.


Dated:  October 10, 2016                     SAN DIEGO IP LAW GROUP LLP


                                    By:     /s/Trevor Coddington
                                            JAMES V. FAZIO, III
                                            TREVOR Q. CODDINGTON, PH.D.

                                            Attorneys for Plaintiff,
                                            MYGO, LLC